# Declaration of Independence from
## The United States Government, of the District of Columbia

Affiant; Pepo H. El aka Pepo W. Herd; Sui Juris, in Propria [FILED IN CLERKS OFFICE] a right under Article 4 Section 4 "State Sovereignty" and the District of Columbia Self Government, and Government [2021 AUG 26] Reorganization Act, and District of Columbia Home Rules Act

- ✴ = Liberty of Contract; the right to make a contract [DISTRICT COURT] and the right to terminate a contract [UCC Section 1-102(3)(4)]

- ✴ = "the United States Government is a Foreign Corporation with respect to a State" [Corpus Juris Secundum, Section 1785, Volume 20]

- = "the United States Government is sovereign within its sphere, as the States are within theirs" [Kohls v. United States, 91 U.S. 367, 23 L. Ed. 449 (1876)]

- = Title 18 USC Section 2340(3) "United States", means; the District of Columbia

- = Title 15 USC Section 142(d) the term "Federal District Court", means; United States District Court, for the District of Columbia

- = Title 28 USC Section 1603(e) commercial activity carried on in the United States, by a Foreign State, mean; commercial activity carried on by such State, and having substantial contact with the United States (Jurisdictional Immunities of Foreign States)(Judiciary and Judicial Procedure)

- = "District of Columbia, having an area of 69 square miles, and subject to the power of Congress to exercise exclusive Legislation in reference thereto" [Geofroy v. Riggs, 133 U.S. 258, 33 L. Ed. 642, 10 S. Ct. 295]

- = "Congress has plenary power to Legislate for the District of Columbia" [Mercury Press Inc. v. District of Columbia, 173 F. 2d 636, 84 U.S. App. D.C. 203, 37 A.F.T.R. (P-H) 1187 (DC Circuit 1984) cert. denied 337 U.S. 931, 69 S. Ct. 1495, 93 L. Ed. 1738]

- = "Federal Offense; an offense created by Statute, which is operative only within the District of Columbia" [Beard v. Bennett, 72 App. D.C. 269 114 F. 2d]

Affiant; Notice in Law; "39 Am J1st Notice Section 3", of, termination of any and all contracts, of any obligation to, United States Government, a Foreign Corporation, of the District of Columbia, restricted by Article 4 Section 4, from any of the three branches of Government exercising beyond the D.C. area, violating the sovereignty of another States governmental functions,

cont. →

On this 23 day of August 21 before me, the undersigned notary public, personally appeared, proved to me through satisfactory evidence of identification, which were _____ to be the person who signed the preceding or attached document in my presence and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his/her knowledge and belief.

The Commonwealth of Massachusetts

Pepo H. El aka Pepo W. Herd
Aug. 23/2021

Robert J. LaLiberte, Notary Public
My Commission Expires April 10, 2026

Affiant (cont.)

this Declaration of Independents, and Termination of Contractual obligations, include termination of contracts by acquiescence and tacit agreement, by acting as agents, judiciary and attorney representing the United States, reference; Title 36 USC Section 70502(1) and (2)

There is a violation of State Sovereignty of the case against Pepo H. El aka Pepo W. Herd, by the United States Government through its acting as agents of the United States District Court of Massachusetts.

- In 1973, the Congress passed the District of Columbia, Home Rules Act (HRA) (see; District of Columbia Self Government and Government Reorganization Act); Public Law (No. 93-198), 87 Statute 774. Codified as amended at; D.C. Code §§ 1-201.01 et. seq., which remains in effect today.

    Section 302 of the Home Rules Act, DC Code Section 1-203.02; "The Legislative power of the District of Columbia, shall extend to all rightful subjects of legislation within the District, consistant with the Constitution of the United States; and provisions of this act

- "Powers not granted to United States by Constitution are prohibited" [United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 16 A.F.T.R. (P-H) 1289] (1936)

- "Supremacy of Constitution as law is declared without qualification, and is absolute" [Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160] (1936)

- "Constitution is Supreme Law of the Land, and all legislation must conform to its principles, when Act of Congress is appropriately challenged, judicial branch has duty of determining whether such act conforms to such principles" [United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 16 A.F.T.R. (P-H) 1289] (1936)

- "Congress or its agencies cannot be final judge of power of Congress, under Constitution" [Baltimore & O.R. Co. v. United States, 298 U.S. 349, 56 S.Ct. 797, 80 L.Ed.] (1936)

Affiant; The "Plaintiff" United States Government, is doing commercial activity, using the State as franchise as law merchant, by statutes of the District of Columbia legislature. Article 4 Section 4 guarantees every State their own republican form of the three branches of government. Since the plaintiff United States Government is a corporation in; Corpus Juras Secundum, Section 1785, Volume 20, that make the court a law merchant of statutes and code of a political corporation, and not natural law of cause and effect (I do not consent to the political corporation United States Government)

# Notice in Law; 39 Am. J 1st Notice Section 3 (Sui Juris, in Propria Persona)

## Special Appearance, objecting to jurisdiction
### Article 4 Section 4; State Sovereignty

- Title 18 USC Section 2340(3) "United States" means "District of Columbia"
- Title 15 USC Section 142(d) the term; "Federal District Court", means; United States District Court, for the District of Columbia

- "Possibility that question concerning Federal Law may arise, subsequently during proceedings, does not in itself, give Federal District Court jurisdiction" [Wright & Morrisey Inc. v. Burlington Local etc., 106 F. Supp. 138, 30 L.R.R.M. (BNA) 2649, 22 Lab. Cas.]

- "Territorial jurisdiction of Federal District Court, in criminal cases, depends on some part of criminal activity having occurred within its territory" [United States v. Luton, 486 F. 2d 1021 (5th Circuit 1973), cert. denied, 417 U.S. 920, 94 S. Ct. 2626, 41 L. Ed. 2d 225]

- "Abstract question of law, did not constitute grounds of Federal jurisdiction, or litigation" [Cooks Estate Trustees v. Sheppard, 8 F. Supp. 21 (D. Tex.), aff'd, 293 U.S. 577, 55 S. Ct. 145, 79 L. Ed. 637]

- "Eleventh Amendment restricts judicial power under Article 3, and Article 1 cannot be used to circumvent Constitutional limitations placed upon Federal jurisdiction" [Nat'l Ass'n of Bds. of Pharm. v. Bd. of Regents, 633 F. 3d 1297, 22 Fla. L. Weekly Fed. C 1809, 78 Fed. R. Serv. 3d (Callaghan) 1386, 97 U.S.P.Q. 2d (BNA) 1931 (11th Circuit 2011)]

- "Federal Offense; an offense created by Statute, which is operative only within the District of Columbia" [Beard v. Bennett, 72 App. D.C. 269, 114]

- "Congress has plenary power to legislate for the District of Columbia" [Mercury Press Inc. v. District of Columbia, 173 F. 2d 636, 84 US App. D.C. 203, 37 A.F.T.R. (P-H) 1137 (DC Circuit 1948) cert. denied 337 US 931, 69 S. Ct. 1495, 93 L. Ed. 1738]

- In 1973 the Congress passed the District of Columbia **Home-Rules Act**. (see; **District of Columbia Self Government, and Government Reorganization Act**); Public Law No. 13-198, 87, Statute 774. Codified as amended at; D.C. Code §§ 1-201.01 et. seq. Which remains in effect today.
  Home Rules Act, DC Code Section 1-203.02 "The Legislative power of the District of Columbia, shall extend to all rightful subjects of legislation within the District, consistant with the Constitution of the United States, and provisions of this Act"

- "Powers not granted to United States by Constitution are prohibited" [United States v. Butler, 297 U.S. 1, 56 S. Ct. 312, 80 L. Ed. 477, 16 A.F.T.R.]

✳ ▭ Each State issue its own Legislative functions, as the Legislative branch of that States Government; State Sovereignty; Article 4 Section 4, States are Republics.

▭ "District of Columbia, having an area of 69 square miles, and subject to the power of Congress to exercise exclusive legislation thereto" [Geofroy v. Riggs, 133 U.S. 258, 33 L. Ed. 642, 10 S. Ct. 295]

▭ "Congress or its agencies, cannot be final judge of power of Congress under Constitution" [Baltimore & O.R. Co. v. United States, 298 U.S. 349, 56 S. Ct. 797, 80 L. Ed.]

✳ ▭ "District Court was required to take notice of its own lack of jurisdiction [Concord Casualty & Surety Co. v. United States, 69 F. 2d 78 (2nd Circuit 1934)

▭ "Declaratory Judgement Act, 28 USC Section 2201, is not independent source of jurisdiction" [Schilling v. Rogers, 363 U.S. 666, 80 S. Ct. 1288, 4 L. Ed. 2d 1478]

▭ → [Smith v. Grimm, 534 F. 2d 1346 (9th Circuit) cert. denied, 429 U.S. 980, 97 S. Ct. 493, 50 L. Ed. 2d 589]

▭ "Declaratory Judgement Act does not confer subject matter jurisdiction" [Glover v. McMurrey, 487 F. 2d 403 (2nd Circuit 1973), vacated, 417 U.S. 963, 94 S. Ct. 3166, 41 L. Ed. 2d 1136]

▭ "In view of definition of judicial power, stated in Constitution Article 3 Section 2 Clause 1, Constitutional, as well as statutory defect in suit instituted by United States under 28 USC Section 2201, not presenting "actual controversy", which that statute prescribes" [Pue v. United States, 355 U.S. 534, 78 S. Ct. 446, 2 L. Ed. 2d 470, reh'g denied, 356 U.S. 925, 78 S. Ct. 713, 2 L. Ed. 2d 760]

▭ "Under Foreign Sovereign Immunities Act, District Court does not have jurisdiction to try case with jury, and defendant, instrumentality of Foreign State, to have plaintiffs' jury demand stricken, is not subject to waiver, even where statute, upon which plaintiffs claims are premised, requires jury trial" [Bailey v. Grand Truck Lines New England, 609 F. Supp. 48 (D. Vt. 1984), affirmed in part, vacated in part remanded, 805 F. 2d 1097 (2nd Circuit 1986)

✳ ▭ "Without jurisdiction, a court cannot proceed at all in any case, as jurisdiction is the power to declare the law, when jurisdiction ceases to exist, the only function remaining to the court is announcing the fact of dismissing the cause" [Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 140 L. Ed. 2d 210, 118 S. Ct. 1003]

(Notice in law; 39 Am J1st Notice Se-ction 3) Sui Juris, in Propria Persona UCC Section 1-308

**Evidence** of Corporate status, political commerce in Contract prohibitions, for procurement of lien attachment; larceny; of person and property, Commercial activity

① "United States, means; the District of Columbia", Title 18 USC Section 2340(3)

② "United States Government is a Foreign Corporation, with respect to a State" reference, [Corpus Juris Secundum, Section 1785, Volume 20]

③ "The United State Government is sovereign within its sphere, as the States are within theirs" [Kohl v. United States, 91 U.S. 367, 23 L. Ed. 449]

④ "Interstate Commerce Commission; a body Corporate, a Federal Agency, created in 1887 by the Interstate Commerce Act" [Florida v. United States, 292 U.S. 1, 78 L. Ed. 1077, 54 S. Ct. 603]

⑤ Interstate Commerce; trade or commerce in securities, among the several states, or between the District of Columbia [Title 15 USC Section 77b(7)]

⑥ (Surety Corporations)(Suretys and Surety Bonds) Title 31 USC Section 9304 "When the law of the United States Government requires or permits a person to give a surety bond through a surety, the person satisfies the law if the surety bond is provided by" (B) bonds and undertakings in judicial proceedings

⑦ Official Bond; a penal bond, a bond required of a public officer, in effect, a contract between the public Officer and the government, binding sureties to make good, the defaults of the public officer [43 Am J1st Pub Of Section 394]

⑧ (Judiciary and Judicial Procedure)(Jurisdictional Immunities of Foreign States) Title 28 USC Section 1603(e) "Commercial activity carried on in the United States, by a Foreign State, means; commercial activity carried on by such State, and having substantial contact with the United States"

⑨ (Trade and Commerce) Title 15 USC Section 142(d) the term; "Federal District Court", means; "United States District Court", for the District of Columbia

⑩ Exoneration of Surety; the discharge of a surety [50 Am J1st Suret Section 40]

⑪ Corporate Limits; the territorial limits of a municipal corporation [37 Am J1st Mun Corp Section 16]

↗

12⟶ Territorial Limitations; a charter limitation in reference to the territorial scope, of the operations of a corporation [36 Am J2d Foreign Corp Section 87]

13⟶ Legislative Control; a term applied in the law of Corporations, to control by the legislature, of the affairs of private corporations [19 Am J2d Corp Section 1447]

14⟶ "Legislative powers granted by Article 1 of the Federal Constitution, are limited, not only by framers affirmative delegation, but also by principles that powers may not be exercised in a way that violates other specific provisions of the Constitution" [Saenz v. Roe, 529 US. 489, 119 Cal. Daily Op. Service 3574, 1999]

15⟶ "Congress has planery power to legislate for the District of Columbia" [Mercury Press Inc. v. District of Columbia, 173 F. 2d 636, 84 U.S. App D.C. 203, 37 AFTR (P-H) 1187 (DC Circuit 1948) cert. denied 337 U.S. 931, 69 S. Ct. 1495, 93 L. Ed. 1738]

16⟶ Federal Offense, an offense created by statute, which is operative only within the District of Columbia [Beard v. Bennett, 72 App. D.C. 269, 114]

17⟶ In 1973 the Congress passed the District of Columbia Home Rules Act, (See; District of Columbia Self Government, and Government Reorganization Act); Public Law No. 93-198, 87 Statute 774. Codified as amended at; D.C. Code §§ 1-201.01 et. seq., which remains in effect today. Section 302 of the Home Rules Act, D.C Code Section 1-203.02 "The Legislative power of the District of Columbia, shall extend to all rightfull subjects of legislation within the District, consistant with the Constitution of the United States, and provisions of this Act".

- Notice in Law; 39 Am J 1st Notice Section 3 Evidence of Right to Protection from being attacked

- Special Appearance; Article 4 Section 4, objection to jurisdiction of United States District Court of Maritime jurisdiction, of the District of Columbia; Violation of "Home Rules Act"

- Miscarriage of Justice; the result of a case in which essential rights of a party, were disregarded or denied [Kotteakos v. United States, 328 U.S. 750, 90 L. Ed. 1557, 66 S. Ct. 1239]

- Substantial Rights; an essential, as distinguished from technical right, that which concerns the subject matter of the action, or proceeding [Re Engebretson, 68 SD 255, 1 NW 2d 351, 142 ALR 1459]

- Positive Right; "an unqualified right, which does not admit of any exercise of discretion" [Chapman v. Dorsey, 230 Minn. 279, 41 NW 2d 438, 16 ALR]

- "Allowing for meaningful justification defense, to alleged violation of Title 18 USC Section 922(g)(1), which prohibits possession of a firearm by felons, ensures that statute does not collide with Second Amendment" [United States v. Gomez, 81 F. 3d 846, 96 D.A.R. 4292 (9th Circuit), amended, reh'g denied, 92 F. 3d 770, 96 Cal. Daily Op. Service 5513, 96 D.A.R. 9019 (9th Circuit)]

- Collusion; an arrangement between two or more persons, to defraud another, of his rights by forms of law [34 Am J 2d Div & S Section 190]

- "If a law has no purpose than to chill the assertion of Constitutional rights, by penalizing those who choose to exercise them, then it is patently unconstitutional" [United States v. Jackson, 390 U.S. 570, 581, 20 L. Ed. 2d 138, 147, 88 S. Ct. 1209]

- "Held that the Second Amendment, does not by itself, apply to anyone other than the Federal Government. The opinion explained, that the right, is not a right granted by the Constitution, or in any manner dependent on that instrument for its existence. The Second Amendment means no more than that it shall not be infringed by Congress" [United States v. Cruikshank, 92 U.S. 542, 23 L. Ed 588]

- "Right to keep and bear arms, is not a right given by United States Constitution" [Eckert v. Philadelpia, 477 F. 2d 610 (3rd Circuit) cert. denied, 414 U.S. 839, 94]

- "Supremacy of the Constitution, as law is declared without qualification" [Carter v. Carter Coal Co., 298 US 238, 56 S. Ct. 855, 80 L. Ed 1160]

Case # 1:20-mj-05479-JGD
1:20-10045-ADB

(Attorneys — Benjamin Tokoff
            — Amanda Beck)

- "Constitution of United States, is Supreme Law of the Land, and binds every forum, whether it derives its authority from State or from United States" [Cook v. Moffat & Curtis, 46 US 295, 12 L. Ed. 159]

- "Powers not granted to United States by Constitution are prohibited" [United States v. Butler, 297 U.S. 1, 56 S. Ct. 312, 80 L. Ed. 477, 16 A.F.T.R. (P-H) 1289]

- "Congress or its agencies cannot be final judge of power of Congress under Constitution" [Baltimore & O.R. Co. v. United States, 298 U.S. 349, 56 S. Ct. 797, 80 L. Ed.]

- "Courts powers are judicial only, not administrative, or investigative" [Webster Eisenlohr Inc. v. Kalodner, 145 F. 2d 316, 4 SEC. Jud. Dec. 144 (3rd Circuit 1944) cert. denied, 325 U.S. 867, 65 S. Ct. 1404, 89 L. Ed]

- Title 18 USC Section 242 provided that whoever under color of any Statute, Ordinance, Regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, shall be fined under this title or imprisoned, not more than one year or both

- Title 28 USC Section 2255 (Federal Custody) (a) a prisoner in custody under sentence of a court established by Act of Congress, claiming the right to be released upon ground that the sentence was imposed, in violation of the Constitution, or laws of the United States (b) the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing, if the court finds the judgement was rendered jurisdiction, or that rights of prisoner, as to render the judgement vulnerable to collateral attack, the court shall vacate, and set aside the judgement, and shall discharge the prisoner

- "Double Joepardy clause of the fifth Amendment, protects against multiple punishments for the same offense, and prohibits multiple prosecutions for the same offense" [Simpson v. United States, 435, US. 6, 98 S. Ct. 909, 55 L. Ed. 2d 70]

- "Double Joepardy clause differs from proceedural guarantees in that its practical result is to prevent trial from taking place at all, rather than to prescribe proceedure rules that govern conduct at trial" [Blackledge v. Perry, 417 US 21, 94 S. Ct. 2098, 40 L. Ed. 2d 628]